# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL M. CAMPBELL,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 10-CV-266 JLS (WMc)<br><br>**ORDER: GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 11) |

Presently before the Court is Defendant United States Department of Education's motion to dismiss. (Doc. No. 11.) Also before the Court are Plaintiff's opposition (Doc. No. 20) and Defendant's reply. (Doc. No. 17.) For the following reasons, Defendant's motion is **GRANTED** and Plaintiff's request to transfer is **DENIED**.

## BACKGROUND

Plaintiff Darnell Marquis Campbell alleges that in 1998 and 1999, four student loans, totaling $5,968.00, were disbursed to San Diego State University (SDSU). (Compl. ¶¶ 7–8.) At that time, Plaintiff was an SDSU student. (*Id.* ¶ 9.) "Plaintiff stopped going to school [in] the Fall of 1999." (*Id.* ¶ 12.) However, Plaintiff alleges that he was unaware of these loans until March 2002. (*Id.*) He chalks the existence of the loans up to identity theft. (*See, e.g.*, *id.* at 2.) Although Plaintiff has petitioned the Department of Education for the discharge of these debts, those requests were rejected. (*Id.* ¶¶ 34–37.) Plaintiff filed this case on February 3, 2010, seeking to recover under the False Claims

1  Act.  (Doc. No. 1.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

//

## DISCUSSION

Although Plaintiff filed an opposition to Defendant's motion to dismiss, he does not make any substantive arguments as to why this case should not be dismissed. Instead, Defendant requests that this action be transferred to the United States Court of Federal Claims. (Opp. at 1.) Therefore, the Court will first address the motion to dismiss and then address whether this case should be transferred.

### I. DEFENDANT'S MOTION TO DISMISS

Having fully considered Defendant's motion to dismiss, the Court finds that there are three reasons why this action must be dismissed. First, Plaintiff fails to state a claim upon which relief can be granted. Second, this action is barred by the principles of sovereign immunity. And third, Plaintiff's claim does not set forth a justiciable case or controversy. Each of these defects require that this case be **DISMISSED WITH PREJUDICE**.

First, the Complaint in this matter does not "state a claim to relief that is plausible on its face," even when the Court assumes that all of the facts therein alleged are true. *Twombly*, 550 U.S. at 570. The False Claims Act, 31 U.S.C. § 3729, *et seq.*, is "'intended to reach all types of fraud, without qualification, that might result in financial loss to the Government.'" *United States* ex rel. *Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1170 (9th Cir. 2006) (quoting *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968)). It allows a plaintiff to bring an action on behalf of the Government—in what is known as a *qui tam* suit—for violations of the Act. 31 U.S.C. § 3730(b)(1). The plaintiff must serve on the Government "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses." *Id.* § 3730(b)(2).

To prevail on a False Claims Act claim, the plaintiff must show that the Defendant (1) knowingly presented, or caused to be presented, to the government a false or fraudulent claim for payment or approval, (2) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government, or (3) conspired to defraud the government by getting a false or fraudulent claim allowed or paid. 31 U.S.C. §§ 3729(a), 3730(b).

Plaintiff's allegations, however, do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550

U.S. at 556). This is because he has not alleged that the Defendant Department of Education filed a false claim with or otherwise used false statements or fraudulent conduct to defraud the United States. *See Hendow*, 461 F.3d at 1170–71.

The most generous reading of Plaintiff's Complaint is that someone filed a false claim with the Department of Education. (*See* Compl. at 2–3 ("The Plaintiff raised several disputes to have unauthorized signature and identity theft Claims for student loans and unauthorized student loans discharge applications because of fraud, misrepresentations, and forgery found in the documents that are held and provided to Plaintiff by the United States Department of Education.").) Plaintiff does not suggest (and there is otherwise no indication) that the Defendant submitted these allegedly false claims to itself.

Even if Plaintiff could prove the facts that he has alleged, he would still not be entitled to recovery. This conclusion is logical since Plaintiff is suing an arm of the United States, on behalf of the United States, for defrauding that same agency of the United States. Although this may not be what Plaintiff intended, it is what he has presented in the Complaint. Based on this failure to state a claim, this matter must be **DISMISSED WITH PREJUDICE**.

Second, Defendant is protected by sovereign immunity against Plaintiff's allegations. "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Sovereign immunity is the name of the "[elementary] principle . . . that a State cannot be sued in its own courts without its consent." *R.R. Co. v. Tennessee*, 101 U.S. 337, 339 (1880); *see also Beers v. Arkansas*, 61 U.S. (20 How.) 527, 529 (1858) ("It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or by another State."). This "was a familiar doctrine at common law" and has long been the established rule. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989).

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign

immunity. The Supreme Court has 'frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'" *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1259 (9th Cir. 2006) (citations omitted).

In this case, Plaintiff has offered no basis for finding that the United States has waived its sovereign immunity in order to permit itself to be sued under the False Claims Act. However, the Court has independently researched this claim and finds that the federal government has not waived sovereign immunity for purposes of the False Claims Act. First, as the Tenth Circuit observed in *Shaw v. United States*, "[t]here is no express waiver of sovereign immunity in the [False Claims Act.]" *Shaw v. United States*, 213 F.3d 545, 549 (10th Cir. 2000). Moreover, in light of the requirement that "a waiver of sovereign immunity . . . be strictly construed" and unequivocally expressed, the Court is aware of no other basis for finding an abrogation of the Defendant's immunity. The *Shaw* court came to this same conclusion, finding that any governmental policies or acts that might have resulted in an implied waver were insufficient to constitute an "unequivocal expression" of waiver. *Id.*; *see also Pentagen Techs. Int'l Ltd. v. United States*, 103 F. Supp. 2d 232, 236 (S.D.N.Y. 2000) ("[T]he United States has never waived its sovereign immunity with respect to [False Claims Act] suits."). Thus, since sovereign immunity also bars Plaintiff's claims, they must be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. *See Vacek*, 447 F.3d at 1259.

Finally, even beyond the deficiencies noted above, this Court would still lack subject matter jurisdiction over Plaintiff's claims. "The Constitution (article 3, s 2) limits the exercise of the judicial power to 'cases' and 'controversies.'" *Aetna Life Ins. Co. v. Hawarth*, 300 U.S. 227, 239 (1937); *see also* U.S. CONT. art. III, § 2. "[T]he case-or-controversy limitation is crucial to maintaining the tripartite allocation of power set forth in the Constitution." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). Thus, "[n]o principle is more fundamental to the judiciary's proper role in our system of government." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976).

At least one aspect of the case-or-controversy clause is relevant to the present situation. Over sixty years ago, the Supreme Court observed:

> There is much argument with citation of many cases to establish the long-recognized general principle that no person may sue himself. Properly understood the general principle is sound, for courts only adjudicate justiciable controversies. They do not engage in the academic pastime of rendering judgments in favor of persons against

themselves. Thus a suit filed by John Smith against John Smith might present no case or controversy which courts could determine.

*United States v. Interstate Commerce Comm'n*, 337 U.S. 426, 430 (1949).

This is exactly what is going on in the present case. By bringing claims under the False Claims Act, Plaintiff is suing the Department of Education, an arm of the United States Government, on behalf of the United States Government. 31 U.S.C. § 3730(b)(1); *see also Juliano v. Fed. Asset Disposition Ass'n*, 736 F. Supp. 348, 351–53 (D.D.C. 1990). To paraphrase the court in *Juliano v. Federal Asset Disposition Association*, "any 'recovery' in favor of the United States and against [the Department of Education] would be purely academic; plaintiff and defendant are one. It appears that the only person who would benefit by forcing such a transfer [money] from one government account to another would be qui tam plaintiff, who by law is entitled to share in the recovery." *Id.* at 352. And although "courts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented," no such controversy exists here. *Intestate Commerce Comm'n*, 337 U.S. at 426. Therefore, since this case does not present a case or controversy under Article III of the Constitution, it must be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

## II. PLAINTIFF'S REQUEST TO TRANSFER THIS CASE TO THE COURT OF FEDERAL CLAIMS

Plaintiff's opposition to Defendant's motion requests that this action be transferred to the United States Court of Federal Claims for three reasons: "(1) Subject-matter jurisdiction, (2) Failure to state a claim upon which relief can be granted, and (3) Failure to allege a proper case and controversy." (Opp. at 1.) Plaintiff argues that the Court of Federal Claims "does, in fact, allow for a case of this nature to be heard and tried under its venue and jurisdiction." (*Id.*) Defendant opposes this request, arguing that it is unnecessary and provides no relief to Plaintiff from the deficiencies identified above. (Reply at 3.)

Under the Tucker Act, 28 U.S.C. § 1491, Congress conferred on the Court of Federal Claims exclusive jurisdiction over claims for damages exceeding $10,000 that are "founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). This non-Article III court handles "claims founded upon statutes or regulations that create substantive rights to money damages" against the United States. *United States v. Mitchell*, 463 U.S. 206, 216–18 (1983).

Although it is possible that Plaintiff would be able to bring a suit in front of the Court of

Federal Claims in order to pursue the relief he seeks, he has not shown that this case would be any more viable in that forum than in this one. In fact, it is certain that the defects discussed above would still require dismissal of his claim. Transferring this case to only to have it dismissed on the same grounds by another court would be a waste of judicial resources without any corresponding benefit to any of the parties. As such, Plaintiff's request to transfer is **DENIED**.

## CONCLUSION

For the reasons stated, Plaintiff's request to transfer is **DENIED**, Defendant's motion to dismiss is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DATED: June 28, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge